**WO**                                                                                         SK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron J. Bishop,            ) | No. CV 06-274-PHX-SMM (VAM) |
| Petitioner,    ) | **ORDER** |
| vs.                         ) | |
| Dora B. Schriro, et al.,    ) | |
| Respondents. ) | |

Petitioner, presently confined in the Reeves County Detention Center, Pecos, Texas, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.) On March 31, 2006, the Court gave Petitioner 30 days to file a properly executed Application to Proceed *In Forma Pauperis* or pay the $5.00 filing fee. (Doc. # 4). On April 26, 2006, Petitioner paid the $5.00 filing fee. The Court will order an answer.

**I. Procedural History**

Petitioner challenges his December 7, 2000 conviction for Sexual Misconduct with a Minor, case number CR-99026103, entered in Pinal County Superior Court.

In his habeas Petition, Petitioner raises one ground for relief: the violation of his Fifth, Sixth, and Fourteenth Amendment rights when the trial judge, against whom Petitioner brought a § 1983 claim regarding the conditions of his confinement, refused to recuse himself from Petitioner's criminal case. (Doc. 1 at 5.)

Petitioner asserts that he has either exhausted the claims or that exhaustion is not required. Even assuming that the exhaustion requirement has not been met, any unexhausted claim may be procedurally barred. Therefore, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). Accordingly, a response is required. 28 U.S.C. § 2254(a).

**II. Warnings**

### A. Address Changes

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See Local Rules of Civil Procedure (LRCiv) 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P.5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### C. Possible Dismissal

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondent must answer the Petition within 40 days of the date of service. Respondent must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 21st day of July, 2006.

_____
Stephen M. McNamee
United States District Judge