1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT
7                  FOR THE DISTRICT OF ARIZONA
8
9  Aaron J. Bishop,              )  No. Civ. 06-274-PHX-SMM (VAM)
                                 )
10        Petitioner,            )  **REPORT AND RECOMMENDATION**
                                 )
11 vs.                           )
                                 )
12                               )
   Dora B. Schriro, et. al.,     )
13                               )
          Respondents.           )
14                               )
   _____)
15
16 **TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT**
17 **JUDGE:**
18   Petitioner filed a federal Petition for Writ of Habeas
19 Corpus pursuant to 28 U.S.C. § 2254 on January 23, 2006. [Doc.
20 1]. Respondents' Answer was filed on November 6, 2006. [Doc.
21 11]. Petitioner did not file a reply.  The Court now reports
22 and recommends as follows:
23                         **BACKGROUND**
24   On December 9, 1999, the Pinal County grand jury charged
25 Petitioner with one count of sexual conduct with a minor under
26 fifteen years of age.  [Doc. 11, Exh. A].  On December 6,
27 2000, Petitioner pled guilty to the less serious charge of
28 child molestation. [Doc. 11, Exh. F]. On December 19, 2000,

1  Judge Gilberto Figueroa sentenced Petitioner to ten years'
2  flat time imprisonment as stipulated in the plea agreement.
3  [Doc. 11, Exhs. E, F].

4     On June 23, 2000, while his state criminal case was still
5  pending, Petitioner filed a federal civil lawsuit pursuant to
6  28 U.S.C. §1983. [Doc. 11, Exh. D].  Petitioner named Judge
7  Figueroa as a defendant in his §1983 action. [Id.].

8     On December 12, 2003, Petitioner's Petition for Post-
9  Conviction Relief was filed in state court. [Doc. 11, Exh. G].
10 Petitioner alleged four grounds for relief, including a claim
11 that Judge Figueroa should have recused himself from
12 Petitioner's state criminal case because Petitioner's federal
13 civil suit against Judge Figueroa created a conflict of
14 interest.[1]   [Doc. 11, Exh. G].   Specifically, Petitioner
15 asserted that Judge Figueroa's failure to recuse himself
16 violated the Arizona Code of Judicial Conduct[2] and Rule 10.1
17 of the Arizona Rules of Criminal Procedure, ARIZ. R. CRIM. P.,
18 RULE 10.1.  Petitioner's Petition was summarily denied by the
19 state trial court on January 14, 2004. [Doc. 11, Exh. H].
20 Petitioner filed a Petition for Review with the Arizona Court
21 of Appeals, which denied Petitioner's claims on the merits.

22

23     [1]    Petitioner does not re-allege any of the remaining
24            claims in his Petition for Writ of Habeas Corpus.

25     [2]    Petitioner's state Petition did not directly cite
26            the Arizona Code of Judicial Conduct, however, his
               Petition recites portions of Canon 3 verbatim.  See
27            17A ARIZ. REV. STAT., SUP. CT. RULES, RULE 81, CODE OF
               JUD. CONDUCT, CANON 3(E)(1)(a), (b).
28

1 [Doc. 11, Exh. I].  Petitioner's Petition for Review by the
2 Arizona Supreme Court was denied on May 2, 2005.  [Doc. 11,
3 Exh. J].

4   Petitioner filed his federal Petition for Writ of Habeas
5 Corpus in this Court on January 23, 2006. [Doc. 1].
6 Petitioner raises a single claim: that his Fifth, Sixth, and
7 Fourteenth Amendment rights were violated as a result of Judge
8 Figueroa's failure to recuse himself from Petitioner's state
9 criminal case.  [Id.].  For the reasons that follow, the Court
10 now recommends that Petitioner's habeas petition be denied.

11                        **LEGAL STANDARDS**

12 **A. Anti-Terrorism and Effective Death Penalty Act of 1996**

13   On April 24, 1996, President Clinton signed into law the
14 Anti-Terrorism and Effective Death Penalty Act ("the Act"),
15 Pub.L. 104-132, 110 Stat. 1214.  Pursuant to 28 U.S.C. §
16 2254(d), as amended by the pertinent provisions of the Act,
17 the following standard for granting a federal habeas petition
18 originating from a state court conviction was established:

19   An application for a writ of habeas corpus on behalf of a
    person in custody pursuant to the judgment of a State
20   court shall not be granted with respect to any claim that
    was adjudicated on the merits in State court proceedings
21   unless the adjudication of the claim--

22   (1) resulted in a decision that was contrary to, or
    involved an unreasonable application of, clearly
23   established Federal law, as determined by the Supreme
    Court of the United States; or
24
    (2) resulted in a decision that was based on an
25   unreasonable interpretation of the facts in light of the
    evidence presented in the State court proceedings.
26
   28 U.S.C. § 2254(d).
27

28

-3-

1  The Act also codifies a presumption of correctness of state
2  court findings of fact.  28 U.S.C. § 2254(e)(1) states that "a
3  determination of a factual issue made by a State court shall
4  be presumed to be correct" and the petitioner has the burden
5  of proof to rebut the presumption by "clear and convincing
6  evidence."  As discussed more fully below, these provisions of
7  the Act set the standard for the Court's evaluation of the
8  merits of the petition.

9  The Act limits the district court's discretion to hold
10 evidentiary hearings.  28 U.S.C. § 2254(e)(2) states:

12 If the applicant has failed to develop the factual basis
   of a claim in State court proceedings, the court shall not
13 hold an evidentiary hearing on the claim unless the
   applicant shows that--

14 (A) the claim relies on--

15 (i) a new rule of constitutional law, made retroactive to
   cases on collateral review by the Supreme Court that was
16 previously unavailable; or

17 (ii) a factual predicate that could not have been
   previously discovered through the exercise of due
18 diligence; and

19 (B) the facts underlying the claim would be sufficient to
   establish by clear and convincing evidence that but for
20 constitutional error, no reasonable factfinder would have
   found the applicant guilty of the underlying offense.
21

22 Finally, the Act provides that a petition may be denied on
23 the merits even though it contains unexhausted claims,[3] and
24

25    [3] This appears to be merely a codification of the holding
26    in Granberry v. Greer, 481 U.S. 129 (1987), which allowed
      an appellate court to review unexhausted claim (where the
27    state failed to raise exhaustion at the district court
      level) rather than returning them to state court if they
28    were patently not colorable.

-4-

1 | that the state does not waive exhaustion except by an express
2 | waiver on the record.[4] 28 U.S.C. § 2254(b)(2),(3).

3 In <u>Felker v. Turpin</u>, 518 U.S. 651 (1996), the Supreme Court
4 upheld the constitutionality of several sections of the new
5 Act.  The Court found that the Act does not repeal the Court's
6 authority to entertain original habeas petitions or violate
7 the Constitution's Exceptions and Suspension Clauses, but does
8 affect the standard for granting relief.  <u>Id.</u> at 654.

9 **B. Exhaustion and Procedural Default**

10 A federal court has authority to review a federal
11 constitutional claim presented by a state prisoner if
12 available state remedies have been exhausted.  <u>Duckworth v.</u>
13 <u>Serrano</u>, 454 U.S. 1, 3 (1981)(per curiam); <u>McQueary v.</u>
14 <u>Blodgett</u>, 924 F.2d 829, 833 (9th Cir. 1991).  The exhaustion
15 doctrine, first developed in case law and codified in the
16 former 28 U.S.C. § 2254, now states:

17 | (b)(1) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the judgment of
18 | a State court shall not be granted unless it appears that-
19 |
20 | (A) the applicant has exhausted the remedies available
in the courts of the State; or
21 | (B)(i) there is an absence of available state corrective
process; or
22 |
23 | (ii) circumstances exist that render such process
ineffective to protect the rights of the applicant.
24 | . . . . . . .
25 |

26 | ⁴    This provision changes the prior rule in the Ninth
Circuit that a state's failure to raise exhaustion in the
27 | district court waives the issue at the court of appeals.
See <u>Brown v. Maass</u>, 11 F.3d 914 (9th Cir. 1993)(per
28 | curiam).

1    (c) An applicant shall not be deemed to have exhausted the
     remedies available in the courts of the State, within the
2    meaning of this section, if he has the right under the law
     of the State to raise, by any available procedure, the
3    question presented.

4  28 U.S.C. § 2254 (1996).

5      The exhaustion requirement can be satisfied in one of two

6  ways.   First, a petitioner can fairly present his or her

7  claims to the state's highest court by properly pursuing them

8  through either the state's direct appeal process or through

9  appropriate post-conviction relief.    Rose v. Lundy, 455 U.S.

10  509 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.

11  1985); Sweet v. Cupp, 640 F.2d 233, 235 (9th Cir. 1981).  Only

12  one of these avenues of relief must be exhausted before

13  bringing a habeas petition in federal court.    This is true

14  even where alternative avenues of reviewing constitutional

15  issues are still available in state court.    Brown v. Easter,

16  68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy, 827 F.2d

17  526, 528 (9th Cir. 1987).

18     A petitioner must "fairly present his claim to the state's

19  highest court to properly exhaust."   Brown, 68 F.3d at 1211.[5]

20  Although a federal habeas petitioner may reformulate somewhat

21  the claims made in state court, the substance of the federal

22  claim must have been "fairly presented" in state court.

23

24          [5]    In Arizona, exhaustion may be accomplished by fairly
               presenting claims to the Arizona Court of Appeals.
25             Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir.
               1999), cert. denied, 529 U.S. 1124 (2000) (stating
26             that "except in habeas petitions in capital cases,
               claims of Arizona state prisoners are exhausted for
27             purposes of federal habeas once the Arizona Court of
               Appeals has ruled on them").
28

1  Anderson v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard
2  v. O'Connor, 404 U.S. 270, 278 (1971).  While the petitioner
3  need   not   recite   "'book  and  verse  of  the  federal
4  constitution'", Picard, 404 U.S. at 277-78 (quoting Daugharty
5  v. Gladden, 257 F.2d 750, 758 (9ᵗʰ Cir. 1958)), it is not
6  enough that all the facts necessary to support the federal
7  claim were before the state courts or that a "somewhat similar
8  state law claim was made."  Anderson, 459 U.S. at 6.

9      As an alternative to presenting his claims to the highest
10  state  court,  a  petitioner  can  satisfy  the  exhaustion
11  requirement by demonstrating that no state remedies remained
12  available at the time the federal habeas petition was filed.
13  Engle v. Isaac, 456 U.S. 107, 125 (n. 28)(1982); White v.
14  Lewis, 874 F.2d 599, 602 (9ᵗʰ Cir. 1989).  However, this path
15  is fraught with danger:

16      If state remedies are not available because the petitioner
       failed  to  comply  with  state  procedures  and  thereby
17      prevented the highest state court from reaching the merits
       of his claim, then a federal court may refuse to reach the
18      merits of that claim as a matter of comity.

19  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9ᵗʰ Cir. 1988).  This
20  failure to comply with reasonable state procedures is usually
21  characterized as "procedural default", "procedural bar", or a
22  "waiver".  As discussed, exhausting state remedies by means of
23  a  procedural  default  is  risky.   The  burden  is  on  the
24  petitioner to show that he or she has properly exhausted each
25  claim.   Dismissal of the petition is proper when the record
26  does  not  show  that  the  exhaustion  requirement  is  met.
27  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9ᵗʰ Cir. 1981)(per
28

-7-

curiam).  The state remedies which must be exhausted are only those which remain available at the time a federal habeas petition is filed.  Id.  If the unavailability of state remedies is in no way the fault of the petitioner or his or her counsel, the exhaustion requirement will likely be satisfied and a federal court may reach the merits of the petitioner's habeas claim.

In many cases, however, the lack of available state remedies is a direct result of the petitioner's failure to avail himself of the state remedies in a timely or procedurally correct manner.  In such instances, the petitioner has procedurally defaulted, and may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.[6]  Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); see also Teague v. Lane, 489 U.S. 288, 298 (1989); Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir. 1988).  "Cause" is the legitimate excuse for the default.  Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  "Prejudice" is actual harm resulting from the alleged constitutional violation.  Id.

"Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" Harmon v. Barton, 894 F.2d 1268, 1274 (11th Cir.)(quoting Reed, 468 U.S. at 13).  The Supreme Court has suggested, however, that cause should

_____

[6]      Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial.  Smith v. Murray, 477 U.S. 527, 533 (1986).

1  ordinarily turn on some objective factor external to
2  petitioner, for instance:

3      ... a showing that the factual or legal basis for a claim
       was not reasonably available to counsel, or that 'some
4      interference by officials', made compliance impracticable,
       would constitute cause under this standard.
5
6  Murray v. Carrier, 477 U.S. 478, 488 (1986)(citations
7  omitted); see also Harmon, 894 F.2d at 1275; Allen v. Risley,
   817 F.2d 68, 69 (9th Cir. 1987). The standard is one of
8
9  discretion intended to be flexible and yielding to exceptional
   circumstances. Hughes v. Idaho State Board of Corrections,
10
11 800 F.2d 905, 909 (9th Cir. 1986). The "cause and prejudice"
   standard is equally applicable to pro se litigants, Harmon,
12
13 894 F.2d at 1274; Hughes, 800 F.2d at 908, whether literate
   and assisted by "jailhouse lawyers", Tacho, 862 F.2d at 1381;
14
15 illiterate and unaided, Hughes, 800 F.2d at 908, or non-
   English speaking. Vasquez v. Lockhart, 867 F.2d 1056, 1058
16
17 (9th Cir. 1988).

18    Finally, failure to establish cause may be excused under
   exceptional circumstances evidencing a miscarriage of justice.
19
   For instance:
20
       ... in an extraordinary case, where a constitutional
21     violation has probably resulted in the conviction of one
       who is actually innocent, a federal habeas court may grant
22     the writ even in the absence of showing cause for the
       procedural default.
23
24 Murray, 477 U.S. at 496. See also Schlup v. Delo, 513 U.S.
   298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750
25
26 (1991).
27
28

-9-

1

**DISCUSSION**

2      Petitioner's sole habeas claim alleges that Judge Figueroa's
3  failure to recuse himself from Petitioner's state criminal
4  case resulted in a violation of Petitioner's Fifth, Sixth, and
5  Fourteenth Amendment Rights.   [Doc. 1].   Respondents oppose
6  the Petition, alleging that Petitioner's claim was not fairly
7  presented as a federal claim in state court.   [Doc. 11 at 4-
8  5].[7]   The Court agrees with Respondents.

9      Although Petitioner challenged Judge Figueroa's impartiality
10  and   alleged   a   conflict   of   interest   in   state   court,
11  Petitioner's state Petition for Post-Conviction Relief relied
12  solely on state law.   To support his conflict of interest
13  claim,   Petitioner   invoked   the   Arizona   Code   of   Judicial
14  Conduct, the Arizona Rules of Criminal Procedure, and state
15  case law.   Nothing in Petitioner's state Petition, or the
16  authorities   cited   therein,   pointed   to   a   violation   of
17  Petitioner's   federal   constitutional   rights.      Moreover,
18  Petitioner's state court petition included a claim that his
19  Fifth Amendment rights were violated when he did not receive
20  proper <u>Miranda</u>[8] warnings.   [Doc. 11, Exh. G].   Thus, although
21  Petitioner was apparently aware that he could raise federal

22

23

24

25      [7]      Respondents alternatively contend that Petitioner's
26           claim is meritless.   Because the Court finds that
             Petitioner's claim is procedurally defaulted, it is
27           unnecessary   to   reach   Respondents'   alternative
             argument.

28      [8]      <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

- 10 -

1  claims in his state court petition, he did not present his
2  conflict of interest claim as a federal issue.

3      Because the substance of Petitioner's habeas claim was not
4  fairly presented to the state courts, the claim was not
5  properly exhausted. See Duncan, 513 U.S. at 365; Picard, 404
6  U.S. at 275. See also Anderson, 459 U.S. at 6 (similarity of
7  state law claims does not establish exhaustion). Under state
8  law, Petitioner may not now return to state court and re-
9  assert his unexhausted federal claims. Rule 32 proceedings
10 must be initiated within ninety days of the entry of judgment
11 and sentence or within thirty days of the order and mandate
12 affirming the judgment and sentence on direct appeal.[9]  See
13 ARIZ. R. CRIM. P. 32.4(a). If Petitioner were now to return to
14 state court, his claims would be time-barred. In addition,
15 Petitioner's claims would likely be precluded because he
16 failed to raise them previously.  See ARIZ. R. CRIM. P.
17 32.2(a)(3) (stating that "[A] defendant shall be precluded
18 from relief under this rule based upon any ground.... (3) that
19 has been waived at trial, on appeal, or in any previous
20 collateral proceeding"). Petitioner's claim is therefore
21 procedurally defaulted. See Beaty v. Stewart, 303 F.3d 975,
22 987 (9th Cir. 2002). Federal habeas review of the merits of
23 Petitioner's procedurally defaulted claims by this Court is
24 barred unless Petitioner can show cause for the procedural

25
26      [9]   An exception to this rule may exist under Rule
        32.2(b) for a defendant who raises claims under
27      Rules 32.1(d), (e), (f), (g), or (h). None of the
        claims at issue here were raised under those
28      subsections of Rule 32.1.

- 11 -

1  default and actual prejudice, or that failure to consider his
2  claims will result in a fundamental miscarriage of justice.
3  Coleman, 501 U.S. at 750; Griffin v. Johnson, 350 F.3d 956,
4  960 (9th Cir. 2003).

5     Petitioner has not alleged cause or prejudice, and the Court
6  finds no basis for setting aside Petitioner's procedural
7  default.  Petitioner was given ample time to formulate and
8  present his state Petition for Post-Conviction Relief.  He
9  articulated four cogent claims, which were reviewed by the
10 Arizona Court of Appeals.  [See Doc. 11, Exhs. G, I].
11 Moreover, he received a sentence mandated by the plea
12 agreement.  [See Doc. 11, Exhs. E, F].  Petitioner has not
13 shown a legitimate excuse for his default or actual harm
14 resulting from the constitutional violation.  Thomas, 945 F.2d
15 at 1123.

16    The Court is further satisfied that any failure to consider
17 Petitioner's claim will not amount to a fundamental
18 miscarriage of justice.  Petitioner does not deny that he
19 committed the acts underlying his conviction.  Rather, he
20 claims that his sentence was impacted by the trial judge's
21 alleged conflict of interest. As noted previously, Petitioner
22 agreed to a sentence of ten years flat time in his plea
23 agreement.  [See Doc. 11, Exhs. E, F].  The plea agreement did
24 not give the judge any discretion.  [Id.].  There is no
25 evidence to support a finding that "the alleged constitutional
26 violation probably resulted in the conviction of an innocent
27 person" or that "it is more likely than not that no reasonable
28

1  juror would have convicted him."   Schlup, 513 U.S. at 321,
2  327-28.

3   Having found no basis to set aside the procedural default,
4  federal habeas review of Petitioner's procedurally defaulted
5  claim is barred.   Accordingly, it is recommended that
6  Petitioner's claim be denied.

7                **CONCLUSION AND RECOMMENDATION**

8   Petitioner failed to present his federal habeas corpus claim
9  in state court.   The claim is procedurally defaulted.
10 Petitioner has not established cause and prejudice or a
11 miscarriage of justice.  Petitioner is not entitled to habeas
12 corpus relief.

13  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for
14 Writ of Habeas Corpus [Doc. 1] be **denied**.

15  This Report and Recommendation is not an order that is
16 immediately appealable to the Ninth Circuit Court of Appeals.
17 Any notice of appeal filed pursuant to Rule 4(a)(1), Federal
18 Rules of Appellate Procedure, should not be filed until entry
19 of the district court's order and judgment.  The parties shall
20 have ten (10) days from the date of service of this Report and
21 Recommendation within which to file specific written
22 objections with the Court.   Thereafter, the parties have ten
23 (10) days within which to file a response to the objections.
24 Failure to timely file objections to any factual
25 determinations of the Magistrate Judge will be considered a
26 waiver of a party's right to de novo consideration of the
27
28

- 13 -

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 14th day of December, 2006.

Virginia A. Mathis
United States Magistrate Judge